Caroline Lobdell (WSBA #38658)
Western Resources Legal Center
9220 SW Barbur Boulevard, Suite 119-327
Portland, Oregon 97219
Tel: (503) 768-8500
Fax: (503) 222-3255
Email: clobdell@wrlegal.org

Counsel for Proposed *Defendant-Intervenor*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **WILDEARTH GUARDIANS**, and **WESTERN WATERSHEDS PROJECT**,<br><br>Plaintiffs,<br><br>v.<br><br>**KRISTIN BAIL**, Okanogan-Wenatchee National Forest, Forest Supervisor; and **U.S. Forest Service**,<br><br>Defendants,<br><br>**S. MARTINEZ LIVESTOCK,** a Washington Corporation,<br><br>Proposed Defendant-Intervenor. | Case No. 2:20-cv-00440-RMP<br><br>**UNOPPOSED MOTION TO INTERVENE BY S. MARTINEZ LIVESTOCK** |

# MOTION

Pursuant to Fed. R. Civ. P. 24(a), Proposed Defendant-Intervenor S. Martinez Livestock ("Martinez Livestock" or "Proposed Intervenor") respectfully moves to intervene as of right in this case. The undersigned counsel for Proposed Intervenor has personally conferred with counsel for Plaintiffs and Federal Defendants on the filing of this Motion to Intervene. Counsel for Federal Defendants do not take a position on this Motion. Counsel for Plaintiffs do not oppose this Motion on the condition that Proposed Intervenor limit substantive briefing on a Motion for Preliminary Injunction to 20 pages (notwithstanding Table of Contents, Table of Authorities, Declarations, and Exhibits) should Plaintiffs seek one. Plaintiffs also reserve their right to seek reasonable conditions on Proposed Intervenor's participation during subsequent case management discussions to ensure the efficient conduct of the proceedings.

For the reasons set forth below, Martinez Livestock satisfies each element of Fed. R. Civ. P. 24(a) and is therefore entitled to intervene as of right.

This Motion is supported by the below Memorandum of law, the Declarations of Mark Martinez and Nick Martinez ("M. Martinez Decl." and "N. Martinez Decl."), and Martinez Livestock's proposed Answer filed herewith.

## I.    FACTUAL BACKGROUND

This case challenges the Forest Service's historic and ongoing authorization of domestic sheep grazing on seven grazing allotments ("the allotments") in the

MOTION TO INTERVENE BY S. MARTINEZ LIVESTOCK – Page 2

Okanogan-Wenatchee National Forest ("O-W National Forest"). *See generally*, Complaint. The allotments are vital to Martinez Livestock's domestic sheep raising operation, as the allotments provide much needed summer pasture for the operation and have done so since the 1970s. M. Martinez Decl. ¶¶ 10, 11.

Martinez Livestock is a multi-generational family ranching business with its roots going back to the 1920s, when the grandfather of the current permittee first came to the United States as an immigrant sheepherder. M. Martinez Decl. ¶ 4. Since then, the family business has persevered and remains headquartered in the Yakima Valley of central Washington State. M. Martinez Decl. ¶¶ 4, 5. Martinez Livestock has a longstanding history of grazing its domestic sheep on allotments in the O-W National Forest. M. Martinez Decl. ¶¶ 11, 12, 14.

Historically, family members operating as Martinez Livestock have devoted nearly their entire lives raising domestic sheep, a proud tradition that continues to the present day. M. Martinez Decl. ¶¶ 2, 4 ,5, 6, 7, 8, 14; N. Martinez Decl. ¶¶ 2, 3, 6, 7. Current members of Martinez Livestock grew up working in the family sheep business and plan to pass the tradition of raising domestic sheep to their future generations. M. Martinez Decl. ¶ 7; N. Martinez Decl. ¶ 5. However, the viability and very future existence of the Martinez Livestock sheep operation is threatened by Plaintiffs' lawsuit and the requested closure of the O-W grazing allotments to domestic sheep. M. Martinez Decl. ¶¶ 3, 9, 10, 17; N. Martinez Decl. ¶¶ 3, 6, 11. The loss of domestic sheep grazing allotments in the O-W National

MOTION TO INTERVENE BY S. MARTINEZ LIVESTOCK – Page 3

Forest is a direct threat to the multi-generational Martinez Livestock family sheep business.  M. Martinez Decl. ¶ 3, 9, 10, 17; N. Martinez Decl. ¶ 3, 11.

Martinez Livestock has significant financial, personal, aesthetic, recreational, cultural, and historic interest in protecting its ability to continue grazing domestic sheep in the O-W National Forest.  M. Martinez Decl. ¶¶ 5, 6, 7, 8, 11, 13, 16, 17; N. Martinez Decl. ¶¶ 3, 4, 5, 6, 8, 11.  Over the decades, Martinez Livestock has been a good steward of the public lands on which it grazes its sheep – working closely with the Forest Service to ensure development of appropriate Annual Operating Instructions ("AOIs"), resource conservation measures, and bighorn-domestic sheep contact mitigation, in accordance with the Forest Service's multiple-use mandate.  M. Martinez Decl. ¶¶ 12, 13, 14.  In fact, Martinez Livestock has been recognized by an award from the Forest Service for its exemplary rangeland management practices.  M. Martinez Decl. ¶ 13.

As a multi-generational family livestock business with a long history of grazing in the O-W National Forest, Martinez Livestock will bring a unique perspective born of on-the-ground decades of operating on the area at issue in this litigation.  In contrast, the Federal Defendants often must balance competing interests in cases such as this and are not capable of adequately representing the direct interests and livelihood of Martinez Livestock.  For example, in the past the Forest Service has pushed for closure, or restricted the grazing of domestic sheep, on Forest Service lands in order to accommodate competing multiple-use goals,

MOTION TO INTERVENE BY S. MARTINEZ LIVESTOCK – Page 4

such as logging and wildlife management.  M. Martinez Decl. ¶ 12.  Whereas the Forest Service is responsible for managing the nation's forests to meet a diverse array of public interests, Martinez Livestock has a more singular and particularized interest in maintaining a viable family sheep-raising business.

## II.    ARGUMENT

### Standards for Intervention.

Pursuant to Fed. R. Civ. P. 24(a)(2), a party may intervene as a matter of right where: (1) the applicant's Motion is timely; (2) the applicant asserts an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that, without intervention, the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest is not adequately represented by the existing parties. *County of Orange v. Air California*, 799 F.2d 535 (9th Cir. 1986), *cert. denied*, 480 U.S. 946 (1987); *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002); *Wilderness Soc. v. Forest Service*, 630 F.3d 1173 (9th Cir. 2011) (Eliminating the "none but the federal defendant rule" in a NEPA case).

### 1. *This Motion is timely.*

In determining whether a Motion to Intervene is timely, three factors are weighed: (1) the stage of the proceeding; (2) any prejudice to the other parties; and (3) the reason for and length of any delay. *County of Orange*, 799 F.2d at 537. Here, the Complaint was filed on November 30, 2020.  No substantive proceedings

MOTION TO INTERVENE BY S. MARTINEZ LIVESTOCK – Page 5

have occurred, nor have the parties engaged in discovery. Thus, intervention will not prejudice the existing parties and is timely within the meaning of Fed. R. Civ. P. 24(a).

### 2. *Martinez Livestock has the requisite interest.*

This prong of the intervention test is a threshold criterion, not a determinative one. *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). The Ninth Circuit liberally construes intervention of right, *see Greene v. United States*, 996 F.2d 973 (9th Cir. 1993), and has "rejected the notion that Rule 24(a)(2) requires a specific legal or equitable interest." *County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980). Rather, the interest test is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Id.* (quoting *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967).

Martinez Livestock has interests that are directly related to the property or transaction at issue in this case. Here, Martinez Livestock has actively held grazing permits on the seven (7) O-W National Forest grazing allotments that Plaintiffs' lawsuit targets. M. Martinez Decl. at ¶ 2. Proposed Intervenor is directly threatened; Plaintiffs are seeking wholesale closure of allotments that Martinez Livestock has, and continues, to graze. Complaint, ¶¶ 1, 117, 124. Martinez Livestock's livelihood, and other interests (personal and recreational) are inextricably intertwined with the validity of the permits and AOIs being challenged

MOTION TO INTERVENE BY S. MARTINEZ LIVESTOCK – Page 6

by Plaintiffs. M. Martinez Decl. ¶¶ 1 – 17; N. Martinez Decl. ¶¶ 1 – 11. In addition to the obvious significant financial interests tied to their grazing permits and the continued availability of grazing on the allotments, the Martinez family has longstanding cultural, historical, aesthetic, recreational, and conservation-related interests in domestic sheep grazing on the O-W National Forest. *Id.*

### 3. Without intervention, the disposition of the action will impair or impede Martinez Livestock's ability to protect its interests.

As described above, Martinez Livestock has significant financial, cultural, historical, aesthetic, recreational, and conservation-related interests in the allotments and its grazing permits. This litigation threatens to drive Martinez Livestock out of the domestic sheep livestock business. M. Martinez Decl. ¶ 3, 9, 10, 17; N. Martinez Decl. ¶ 3, 5, 6, 11. It is only through intervention in this case that Martinez Livestock can protect its interests in the use of its grazing permits and its other financial, cultural, historic, and aesthetic interests in the public lands.

Closing the O-W National Forest allotments to domestic sheep grazing will foreclose Martinez Livestock's ability to follow its long-time summer grazing schedule and deny access to much needed forage for its livestock. Martinez Livestock has worked collaboratively with the Forest Service over multiple decades to develop the grazing schedules and AOIs for the O-W National Forest allotments. M. Martinez Decl. ¶¶ 12 – 14. These grazing schedules were created in accordance with Forest Service research and environmental considerations over the

MOTION TO INTERVENE BY S. MARTINEZ LIVESTOCK – Page 7

years to facilitate responsible use and conservation of the allotments, including mitigation of bighorn sheep concerns. M. Martinez Decl. ¶¶ 11 – 14. If Plaintiffs' are successful, they will eliminate Martinez Livestock's ability to continue its responsible grazing regime, thereby threatening Martinez Livestock's livelihood. *Id.* at ¶¶ 9,10. Of significance, Plaintiffs directly and pejoratively implicate the Martinezes' conduct. *See* Complaint, ¶¶ 92, 93. Of course, Martinez Livestock is in the best position to put such allegations in context, particularly given the referenced incidents did not occur on the public land at issue in this litigation. N. Martinez Decl. ¶¶ 9, 10.

### 4. Martinez Livestock's interest is not adequately represented by the existing parties.

Martinez Livestock is not adequately represented by the Forest Service. Martinez Livestock is a private family-owned and operated business. In contrast, Federal Defendant is a public governmental agency subject to a variety of competing mandates and public interests and cannot advocate on behalf of Martinez Livestock's unique and distinct interests as a family business. An "applicant-intervenor's burden in showing inadequate representation is minimal: it is sufficient to show that representation may be inadequate." *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1498 (9th Cir. 1995). Additionally, "(1) the interests of the existing parties are such that they would undoubtedly make all of the non-party's arguments; (2) the existing parties are capable of and willing

MOTION TO INTERVENE BY S. MARTINEZ LIVESTOCK – Page 8

to make such arguments; and (3) the non-party would offer no necessary element to the proceeding that existing parties would neglect." *Southwest Ctr. for Biological Diversity v. Babbitt*, 150 F.3d 1152, 1153-54 (9th Cir. 1998).

Federal Defendants will not undoubtedly make all of Martinez Livestock's arguments. Federal Defendants, by the very nature of being a federal agency, cannot undoubtedly be expected to make all the arguments that Martinez Livestock will make in its capacity as a privately-owned family business. The Forest Service is responsible for managing National Forest System lands according to a multiple-use mandate that meets a range of natural resource needs in the public interest. By contrast, Martinez Livestock has a narrower interest in their livestock permits and continuance of its grazing regime and family-owned business. As an example, the Forest Service has, in the past, already recommended reductions in Martinez Livestock's grazing authorizations due to bighorn sheep concerns. M. Martinez Decl. ¶ 14. Martinez Livestock has first-hand knowledge of the nature and extent of its efforts to address bighorn sheep concerns vis à vis domestic sheep. M. Martinez Decl. ¶¶ 13, 14.

As mentioned above, Plaintiff's Complaint contains unfair allegations that Martinez Livestock is in the best position to explain, should this Court somehow consider the allegation pertaining to the death of a bighorn sheep on private land relevant to this case. Martinez Livestock's interests are distinct from those of the Federal Defendant and only through intervention on its own behalf would Martinez

MOTION TO INTERVENE BY S. MARTINEZ LIVESTOCK – Page 9

Livestock receive fair representation. M. Martinez Decl. ¶ 17; N. Martinez Decl. ¶ 11. A prohibition on domestic sheep grazing on seven of the nine O-W National Forest grazing allotments utilized by Martinez Livestock would have potentially devastating detrimental effects on the financial viability of the Martinez Livestock family business. M. Martinez Decl. ¶¶ 3, 9, 10; N. Martinez Decl. ¶¶ 5, 6, 11. The Federal Defendant will not be put out of business as a domestic sheep operator, as Martinez Livestock fears will be the case if its domestic sheep grazing allotments are no longer available for use. *Id*.

## III. CONCLUSION

Having fully satisfied the requirements of FRCP 24(a), Proposed Intervenor Martinez Livestock respectfully requests that the Court grant Martinez Livestock's Unopposed Motion to Intervene.

DATED: February 3, 2021

        WESTERN RESOURCES LEGAL CENTER

        /s/ Caroline Lobdell
        Caroline Lobdell, WSBA #38658
        clobdell@wrlegal.org
        9220 SW Barbur Blvd., Suite 119-327
        Portland, Oregon 97219
        Telephone: (503) 768-8500
        Fax: (503) 222-3255

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of February, 2021, I filed the foregoing **UNOPPOSED MOTION TO INTERVENE BY S. MARTINEZ LIVESTOCK** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Elizabeth Potter | Lauren M. Rule |
| epotter@advocateswest.org | lrule@advocateswest.org |
| | |
| John Drake | Jessica Pilgrim |
| John.Drake2@usdoj.gov | Jessica.Pilgrim@usdoj.gov |

AND I FURTHER CERTIFY that all parties are registered participants of the CM/ECF system.


/s/ Caroline Lobdell
Caroline Lobdell (WSBA #38658)
Western Resources Legal Center
9220 SW Barbur Boulevard, Suite 119-327
Portland, Oregon 97219
Tel: (503) 768-8500
Fax: (503) 222-3255
Email: clobdell@wrlegal.org

Counsel for Proposed *Defendant-Intervenor*

MOTION TO INTERVENE BY S. MARTINEZ LIVESTOCK – Page 11